UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE LELIEVRE,<br><br>Defendant | Criminal No.  24cr10217<br><br>Violation:<br><br>Count One: Theft of Government Property (18 U.S.C. § 641)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, JESSE LELIEVRE ("LELIEVRE"), resided in North Andover, Massachusetts.

2. LELIEVRE was the owner and manager of Paramount Plumbing & Heating LLC ("Paramount Plumbing & Heating"), a Massachusetts company that provided plumbing, heating, and related services.

3. The Economic Injury Disaster Loan ("EIDL") program provided loans to small businesses that suffered substantial economic injury due to a declared disaster. This program was expanded to provide relief to businesses that experienced a loss in revenue during the COVID-19 pandemic. The U.S Small Business Administration ("SBA") administered the EIDL program.

Theft of Government Property

4. Between in or about January 2022 and in or about September 2022, LELIEVRE applied for and obtaining a loan from SBA through the EIDL program to support his business, Paramount Plumbing & Heating. LELIEVRE thereafter misappropriated a portion of the EIDL funds for personal purposes, including to buy a diamond ring and to remodel his home.

5. In or about 2021, LELIEVRE submitted an application to the SBA for a loan through the EIDL program.

6. On or about December 22, 2021, LELIEVRE entered into a loan agreement with the SBA to participate in the EIDL program. As part of the agreement, LELIEVRE agreed, among other things, to "use all the proceeds of this Loan solely as working capital to alleviate economic injury" caused by the COVID-19 pandemic.

7. On or about January 6, 2022, LELIEVRE received approximately $1,222,000 from SBA into an account at Bank of America that he controlled ("LELIEVRE's BoA Account").

8. On or about February 16, 2022, LELIEVRE used approximately $13,000 from LELIEVRE's BoA Account to pay for landscaping services at his home.

9. On or about April 13, 2022, LELIEVRE used approximately $4,800 from LELIEVRE's BoA Account to pay for heating, ventilation, and air conditioning services at his home.

10. On or about May 24, 2022, LELIEVRE used approximately $83,000 from LELIEVRE's BoA Account to pay for a diamond ring that he purchased as a gift for his spouse.

11. On or about August 5, 2022, LELIEVRE used approximately $7,000 from LELIEVRE's BoA Account to pay for additional landscaping services at his home.

12. On or about September 14, 2022, LELIEVRE used approximately $30,000 from LELIEVRE's BoA Account to pay for remodeling services at his home.

13. On or about September 20, 2022, LELIEVRE used approximately $41,290 from LELIEVRE's BoA Account to pay for additional remodeling services at his home.

<u>COUNT ONE</u>
Theft of Government Property
(18 U.S.C. § 641)

The U.S. Attorney charges:

14. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 through 13 of this Information.

15. From in or about January 2022 through in or about September 2022, in the District of Massachusetts and elsewhere, the defendant,

JESSE LELIEVRE,

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely EIDL funds having a value of more than $150,000.

All in violation of Title 18, United States Code, Section 641.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

16. Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count One, the defendant,

JESSE LELIEVRE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. A forfeiture money judgment to be determined at sentencing.

17. If any of the property described in Paragraph 16, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 16 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                          JOSHUA S. LEVY
                                        ACTING UNITED STATES ATTORNEY

                           By:  */s/ Christopher J. Markham*
                                  CHRISTOPHER J. MARKHAM
                                  ASSISTANT UNITED STATES ATTORNEY

DATE:  July 29, 2024